STATE v. JOSEPH BALLARD and SUSAN STANLY.

*Fornication and Adultery—Evidence.*

1. It is a general rule, applicable alike to criminal and civil causes, that exception to evidence must be taken in apt time on the trial, or its admission is not assignable for error.

2. This rule, however, is subject to an exception (at least in criminal causes) where the evidence is made incompetent by statute. In such cases it is the duty of the Judge, on his own motion, to disallow the evidence.

  (*State* v. *Smith,* Phil. Law 302, cited and approved.)

INDICTMENT for Fornication and Adultery tried at Spring Term, 1878, of JONES Superior Court, before *Kerr, J.*

The defendants were indicted for lewd and lascivious cohabitation under the statute, Bat. Rev. ch. 32 § 46. It was proved on the trial that they were unmarried persons,

had lived for five years some three hundred yards apart, on land belonging to the male defendant, and were frequently together in the fields; that during this period the woman had given birth to several children, of whom all but one were dead, and that the defendant, Joseph Ballard, had been seen with the living child in his lap caressing it and speaking of it as his child, and on another occasion had been heard to say he believed the others were also his children. To none of the evidence was objection made by either defendant.

The Court instructed the jury that in order to convict, they must be satisfied beyond a reasonable doubt that the defendants, within two years before the finding of the bill, had been in lewd and lascivious intercourse, and the woman had been in the habit of surrendering her body to the gratification of the man. The jury found the defendants guilty, and from the judgment thereon they appealed.

*Attorney General,* for the State.
No counsel for the defendants.

SMITH, C. J. (After stating the case as above.) No exceptions to the introduction of the evidence or to the charge of the Judge are set out in the record, and the case expressly states that no objection was made to the evidence admitted by either of the defendants. We have repeatedly declared that in civil actions this Court will not pass on exceptions not taken by the appellant in the Court below, and will then require a full statement of the facts out of which they arise. This rule is not entirely applicable to criminal prosecutions, in respect to which it is our duty to see from the record and accompanying statement of what transpired at the trial, that the law was correctly expounded and administered.

The statute under which the indictment was found defines

STATE *v.* BALLARD.

the offence and declares in positive terms "that the *admissions or confessions of one shall not be received as evidence against the other.*" The act of caressing the child and the use of words of endearment while doing so, are manifestations of natural affection which may not fall within the prohibitions of the law. But however this may be, the subsequent declarations of Ballard recognizing his paternal relations towards those that had died, as evidence of the fact of paternity, are undoubtedly admissions within the meaning of the act, and forbidden to be received against the other party. The testimony was competent to prove the fact confessed against him who made the confession, but was inadmissible against her. While, therefore, it could not properly be rejected, it was the duty of the Judge either at its introduction or in his charge to explain to the jury its force and effect, and to tell them it was not to be considered as any evidence against the woman. In failing to do this, and submitting all the evidence to the jury without such explanation, there is error invalidating the verdict.

We are not to be understood as expressing or intimating an opinion that in a criminal action a person on trial may be silent and acquiesce in the introduction of any evidence which on objection made in apt time would have been ruled out, and permit it to be heard and acted on by the jury, and then complain of its admission. In such case he must abide the result, and can not complain after conviction. Belonging to this class may be mentioned as illustrating the distinction, the admission of secondary in place of original and primary evidence of a fact. But here the statute in direct terms declares that the confessions of one shall not be evidence against the other party, and so the Judge without a prayer to this effect should have instructed the jury. *State v. Smith*, Phil. 302. For this error there must be a *venire de novo.*