STATE *v.* DAVIS.

STATE v. JOE RAY DAVIS.

(Filed 22 November, 1967.)

**1. Bastards § 7—**

In a prosecution for wilful refusal to support an illegitimate child, it is error for the court to state, even as a contention, that defendant had introduced evidence of good character, saying in effect that she had loved unwisely and had to pay the penalty, that he had used her to satisfy his sexual desires, but that the State contended she ought not to have to bear the penalty alone and that the defendant was as guilty as she and should pay for his part of the indiscretion.

**2. Criminal Law § 114—**

It is prejudicial error for the court in any manner to convey to the jury his opinion on the evidence, since each defendant is entitled to a fair and impartial trial before a neutral and impartial judge and an equally unbiased mind of a properly instructed jury. G.S. 1-180.

**3. Criminal Law § 118—**

While ordinarily a misstatement of the contentions must be brought to the attention of the trial court in apt time, if a statement of the contentions contains legal inferences and deductions such as to mislead the jury and prejudice the cause of defendant, they must be held for prejudicial error on exception, notwithstanding absence of objection at the time.

**4. Bastards § 7—**

In a prosecution for wilful refusal to support an illegitimate child in which no mention of a blood test had been made prior to the charge, it is error for the court to read the provisions of G.S. 8-50.1 to the jury and state that any request for a blood test had to come from defendant.

APPEAL by defendant from *Burgwyn, E.J.*, 23 January 1967 Criminal Session of RANDOLPH.

Criminal prosecution on a warrant charging defendant with wilfully neglecting and refusing to support and maintain his illegitimate child, Tamatha Jane Powell, age five weeks, after demand had been made on him for maintenance and support, a violation of G.S. 49-2, heard *de novo* in the Superior Court upon an appeal from a conviction and adverse judgment in the recorder's court of Randolph County. Plea: Not guilty.

The State and the defendant offered evidence. The following issues were submitted to the jury and answered as indicated:

"1. Is the defendant the father of the child, Tamatha Jane Powell, begotten upon the body of Barbara Davis Powell, as alleged in the Warrant?

ANSWER: Yes.

"2. If so, is the defendant guilty of wilfully failing, refusing and neglecting to support and maintain the said Tamatha Jane Powell after due and lawful demand was made upon him prior to the warrant being sworn out and served, as alleged in the warrant?

ANSWER: Yes."

From a judgment on the verdict, defendant appeals.

*Attorney General T. W. Bruton and Assistant Attorney General Millard R. Rich, Jr., for the State.*
*John Randolph Ingram for defendant appellant.*

PER CURIAM. Defendant assigns as error this part of the charge set forth in parentheses:

"The State contends that they have introduced this testimony of her good character and that you should see this as twofold evidence, first as corroborative evidence, and then as substantive evidence, and that she wouldn't tell a falsehood about her evidence in the case and that you should believe her and find that she has told you the truth about the matter, and is in effect saying to you, ('I have actually loved, unmiserly and not well, but unwisely,' and that she has to pay the penalty, but the State contends that she ought not to have to bear it alone. That the man ought to pay his part, and that he is as guilty as she is, and more so, probably, and that he should pay for his part of the indiscretion as well as she for hers.)"

It is manifest that the able, experienced, and humane judge by the language used tended to create sympathy for the mother, and the effect of his language was to weight the scales too heavily against defendant. *S. v. Woolard*, 227 N.C. 645, 44 S.E. 2d 29. The language assigned as error, although stated as a contention, constitutes a violation of the provisions of G.S. 1-180 forbidding a judge to express to the jury his opinion on the facts of the case being tried. Stacy, C.J., in *S. v. Simpson*, 233 N.C. 438, 64 S.E. 2d 568, said for the Court:

"It can make no difference in what way or manner or when the opinion of the judge is conveyed to the jury, whether di-

rectly or indirectly, by comment on the testimony of a witness, by arraying the evidence unequally in the charge, by imbalancing the contentions of the parties, by the choice of language in stating the contentions, or by the general tone and tenor of the trial. The statute forbids any intimation of his opinion in any form whatever, it being the intent of the law to insure to each and every litigant a fair and impartial trial before the jury."

Error in stating the contentions of a party must ordinarily be brought to the trial court's attention in time to afford opportunity for correction, but here the prejudicial effect of this part of the charge assigned as error must be held prejudicial, notwithstanding the absence of timely objection. What Barnhill, J., said for the Court in *S. v. Pillow*, 234 N.C. 146, 66 S.E. 2d 657, is applicable here: "Though the statements were in the form of contentions, the legal inferences and deductions they suggested were such as to mislead the jury and prejudice the cause of the defendant." This assignment of error is good.

Defendant also assigns as error this part of the charge:

"She contends that this man had sexual intercourse with her time and again after her divorce and that he used her to suit himself and satisfy his sexual desires, and *that she being weak, perhaps — yielded to him*." (Italics ours.)

This assignment of error is good for the same reason that the above assignment of error is good.

Defendant assigns as error this part of the charge:

"Some question was asked by a juror, as I recall it, about a blood test in a case of this kind. In order that the jury may understand the law in regard to that particular phase of the case, I will read you the statute. 'In the trial of any criminal action or proceeding in which the question of paternity arises, the court, before whom the matter may be brought, upon the motion of the defendant, shall direct that the defendant, the mother and the child shall submit to a blood grouping test, provided that the court, in its discretion, may require the person requesting the test to pay the costs thereof. The result of such blood grouping test shall be admitted in evidence when offered by a duly licensed practitioner.' The motion to make the test has to come from the defendant and not from the State in matters of this kind. He contends that regardless of that he is not the father of this child and that you should not find beyond a reasonable doubt that he is."

Defendant contends that this instruction, including the reading of the provisions of G.S. 8-50.1 to the jury, "was prejudicial to the defendant and violated his constitutional right against self-incrimination and voided his decision not to testify in this case." No mention of a blood test had been made in this case prior to its injection into the charge of the court. This charge of the court in respect to a blood test under the circumstances here placed before the jury matters which they should not take into consideration in arriving at the verdict on the evidence in this case. It seems it would not have been proper for the solicitor to argue that the defendant had not made a motion for a blood test. G.S. 8-54. It was error for the judge in his charge to read this statute to the jury. Every suitor has a right to have his cause considered with the "cold neutrality of an impartial judge" (Edmund Burke, Preface to the Address of M. Brissot) and the equally unbiased mind of a properly instructed jury. This right can neither be denied nor abridged. *S. v. Chambers,* 238 N.C. 373, 78 S.E. 2d 209, referred to in the State's brief is factually distinguishable.

For errors in the charge, defendant is entitled to a

New trial.