STATE OF NORTH CAROLINA v. CHARLES T. BLACK

No. 712A82

(Filed 7 July 1983)

1. **Criminal Law § 162— failure to object to evidence at trial—appellate review—plain error rule**

    The "plain error" rule applies to permit appellate review of some assignments of error to evidence normally barred under App. Rule 10(b)(1) by appellant's failure to make an objection or a motion to strike at trial. However, cross-examination of a defendant charged with first degree sexual offense about his employment at an adult bookstore did not constitute such "plain error" as would have had a probable impact on the jury's finding that defendant was guilty.

2. **Criminal Law § 99.2— no expression of opinion by trial judge**

    The trial judge did not express an opinion on the evidence in violation of G.S. 15A-1232 when, during the selection of the jury, he stated that the State "thinks it can prove its case."

3. **Criminal Law § 169— failure of record to show excluded evidence**

    When the court sustains an objection to questions and the record fails to show what the answers would have been, it cannot be determined that the ruling, even if error, was prejudicial.

    Justice MARTIN concurring.

    Justice COPELAND dissenting.

    Justice EXUM joins in this dissent.

APPEAL by defendant from *Saunders, Judge,* at the 13 September 1982 Criminal Session of IREDELL Superior Court.

Upon a plea of not guilty, defendant was tried on a bill of indictment charging that on or about 15 June 1981 he committed a first-degree sexual offense upon Scott Edward Embler, a child seven years old.

Evidence presented by the State tended to show:

Scott's mother, Norma Embler, who was not living with her husband, made arrangements during the early part of June 1981, for Diane Black, defendant's wife, to keep her six children while she was at work. Mrs. Embler understood that defendant would be at the Black home during part of the time that the children were there.

On an occasion during the second week when the Embler children were in the Black home, Scott was in a bedroom alone while his brothers and sisters were in the living room. Defendant went to an adjoining bathroom and when he came out of the bathroom he was dressed only in his undershorts. He then went to where Scott was and forced Scott to perform fellatio upon him. Following the act, defendant told Scott "not to tell nobody or he was going to spank me."

Scott told his mother about the incident three days later. He did not tell her before then because he was afraid defendant would spank him. Defendant had spanked Scott on two previous occasions. Mrs. Embler immediately carried Scott to the police department where he told the police about the incident.

Defendant testified as a witness for himself. He denied the incident in question and declared that he had never "done anything of a sexual nature" to Scott. He admitted that he had spanked Scott on one occasion. He further stated that he and his wife had been separated since 20 March 1982. On cross-examination defendant testified that he had been tried and convicted twice for "harassing and annoying telephone calls."

Defendant also testified that he attended and was a member of a church as well as several other religious organizations. He presented three people who testified that defendant attended services at their church. One of them stated that defendant had a good reputation in the community and that, "He is a Christian man."

Other evidence pertinent to the questions raised on appeal will be set forth in the opinion.

The jury returned a verdict finding defendant guilty as charged. The court entered judgment imposing a minimum and maximum life sentence. Defendant appealed to this Court pursuant to G.S. 7A-27(a).

*Rufus L. Edmisten, Attorney General, by Frank P. Graham, Assistant Attorney General, for the State.*

*Adam Stein, Appellate Defender, and Marc D. Towler, Assistant Appellate Defender, for defendant-appellant.*

BRANCH, Chief Justice.

[1] By the first assignment of error argued in his brief, defendant contends the trial court erred in permitting the prosecuting attorney to cross-examine him regarding his previous employment at an adult bookstore.

The trial transcript discloses the following with respect to the cross-examination of defendant:

Q: Do you recall working somewhere on Shelton Avenue?

A: Yes, sir, about four years ago.

Q: And where was that?

MR. BENBOW: Objection, that is not responsive to the question.

COURT: Overruled. Exception No. 7

A: That was the Adult Bookstore in Statesville.

Q: And what did you do there? Exception No. 8

A: I was a clerk.

Q: What kind of things did you sell at the Adult Bookstore? Exception No. 9

A: Books and magazines.

Q: What kind? Exception No. 10

A: Pornography.

Q: Huh? Exception No. 11

A: Pornography.

Q: Sell any films? Exception No. 12

A: Occasionally.

Q: How long did you work there? Exception No. 13

A: About a week and a half.

It will be noted that exceptions 8, 9, 10, 11, 12 and 13 are not supported by objections and there was no motion to strike the testimony now complained of. This Court has held many times that an objection to, or motion to strike, an offer of evidence must be made as soon as the party objecting has an opportunity to discover the objectionable nature thereof; and unless objection is made, the opposing party will be held to have waived it. *State v. Cox*, 303 N.C. 75, 277 S.E. 2d 376 (1981); *State v. Banks*, 295 N.C. 399, 245 S.E. 2d 743 (1978).

Rules 10(b)(1) and 10(b)(2) of the Rules of Appellate Procedure provide:

(1) General. Any exception which was properly preserved for review by action of counsel taken during the course of proceedings in the trial tribunal by objection noted or which by rule or law was deemed preserved or taken without any such action, may be set out in the record on appeal and made the basis of an assignment of error. Bills of exception are not required. Each exception shall be set out immediately following the record of judicial action to which it is addressed and shall identify the action, without any statement of grounds or argumentation, by any clear means of reference. Exceptions set out in the record on appeal shall be numbered consecutively in order of their appearance.

(2) Jury Instructions: Findings and Conclusions of Judge. No party may assign as error any portion of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly that to which he objects and the grounds of his objection; provided, that opportunity was given to the party to make the objection out of the hearing of the jury and, on request of any party, out of the presence of the jury. In the record on appeal an exception to instructions given the jury shall identify the portion in question by setting it within brackets or by any other clear means of reference. An exception to the failure to give particular instructions to the jury, or to make a particular finding of fact or conclusion of law which finding or conclu-

sion was not specifically requested of the trial judge, shall identify the omitted instruction, finding or conclusion by setting out its substance immediately following the instructions given, or findings or conclusions made. A separate exception shall be set out to the making or omission of each finding of fact or conclusion of law which is to be assigned as error.

The rule that unless objection is made to the introduction of evidence at the time the evidence is offered, or unless there is a timely motion to strike the evidence, any objection thereto is deemed to have been waived is not simply a technical rule of procedure. Were the rule otherwise, an undue if not impossible burden would be placed on the trial judge. There are those occasions when a party feels that evidence which might be incompetent would be advantageous to him, therefore, he does not object. Since the party does not object a trial judge should not have to decide "on his own" the soundness of a party's trial strategy.

In *State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983), we considered the effect of our Rule 10(b)(2) when no objection or exception to instructions was made at trial. Noting that Rule 30 of the Federal Rules of Criminal Procedure is virtually the same as North Carolina's Rule 10(b)(2) and the potential harshness of a rigid application of the rule, we adopted the "plain error" rule which has been recognized by our federal courts pursuant to Rule 52(b) of the Federal Rules of Criminal Procedure. Rule 52(b) states that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." The rule as interpreted by several of the federal courts is as follows:

[T]he plain error rule . . . is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a "*fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done," or "where [the error] is grave error which amounts to a denial of a fundamental right of the accused," or the error has " 'resulted in a miscarriage of justice or in the denial to appellant of a fair trial' " or where the error is such as to "seriously affect the fairness, integrity or public reputation of judicial proceedings" or where it can be fairly said "the instructional

mistake had a probable impact on the jury's finding that the defendant was guilty."

*United States v. McCaskill,* 676 F. 2d 995, 1002 (4th Cir.), *cert. denied,* --- U.S. ---, 103 S.Ct. 381, 74 L.Ed. 2d 513 (1982). *See also* 3A Wright, Federal Practice and Procedure: Criminal 2d § 856 (1982).

Because of the similarity of the requirements limiting the scope of review in Rules 10(b)(1) and 10(b)(2) and the likeness of the rationale for the adoption of the two rules we conclude, and so hold, that the "plain error" rule as applied in *Odom* to Rule 10(b)(2) applies with equal force to Rule 10(b)(1). Therefore, conceding, *arguendo*, that the challenged evidence in the instant case was objectionable, we hold that the admission of this evidence was not such "plain error" as would have had a probable impact on the jury's finding that the defendant was guilty.

Evidence presented by the State was very convincing. Although the alleged victim was only eight years old at the time of the trial, he unequivocally testified that defendant forced him to "suck his ---." He testified to events occurring before and after the alleged offense and stated that the reason he did not tell his mother sooner was because of defendant's threat to spank him if he told anyone about the incident. Three days later he told his mother and then told the police. Their testimony tended to show that Scott related to them substantially what he testified to on the witness stand.

Defendant admitted that he was in the home where Scott was at the time in question and that he had spanked Scott on one occasion. His credibility was seriously damaged by his admission that he had been convicted twice for making "harassing and annoying telephone calls." We do not believe that there is a reasonable probability that the evidence that defendant worked in an adult bookstore for approximately ten days "tilted the scales" in favor of his conviction by the jury.

[2] Defendant next contends that the trial court expressed an opinion in violation of G.S. 15A-1232. We find no merit in this assignment.

The trial court may not express an opinion upon the evidence in any manner during the course of the trial or in his instructions

to the jury. G.S. 15A-1222; G.S. 15A-1232; *State v. Staley,* 292 N.C. 160, 232 S.E. 2d 680 (1977); *State v. Belk,* 268 N.C. 320, 150 S.E. 2d 481 (1966); *State v. Hudson,* 295 N.C. 427, 245 S.E. 2d 686 (1978).

During the selection of the jury in the case at hand, the trial judge made the following statement:[1]

> COURT: The State has charged the Defendant with a criminal offense, and [it thinks it can prove its case.] Exception No. 1. The burden is on the State to prove its case beyond a reasonable doubt. If the State can't prove its case beyond a reasonable doubt, the Defendant is not guilty.

While appearing in his professional capacity before a tribunal, it is improper for a lawyer to assert his personal opinion as to the justness of a cause, as to the credibility of a witness, or as to the guilt or innocence of an accused; "but he may argue, on his analysis of the evidence, for any position or conclusion with respect to the matters stated herein." Cannon 7, DR7-106(c)(4), Code of Professional Responsibility.

Defendant argues that since it is not proper for the district attorney to interpose his personal opinions before the jury as to the guilt or innocence of an accused before final argument; it is an even greater impropriety for the trial judge to comment upon the prosecutor's personal beliefs. *See State v. Holmes,* 296 N.C. 47, 249 S.E. 2d 380 (1978).

In *Holmes,* the defendant was charged with first-degree murder but the district attorney elected to try him only for second-degree murder. During the cross-examination of a State's witness, defense counsel said to the witness, "I believe he [defendant] is sort of a health nut. . . . jogs and runs?" The district attorney thereupon said: "Objection to what [counsel] believes. I believe he'd hire somebody to kill somebody, too." During the redirect examination of defendant's father, a defense witness, counsel asked: "Mr. Holmes, have you lied for [defendant] at any

---

1. Since the proceedings relating to the selection of the jury are not included in the record on appeal, we are unable to determine the exact context in which the statement was made. The parties seem to agree that it was made when the prosecutor objected to a question posed to a prospective juror by defense counsel. We have no way of knowing what the objectionable question was.

time?" Thereupon the district attorney said: "Objection, Your Honor, he certainly has." It was in the context of holding that the district attorney's comments were improper that this Court said:

> It is true that at the proper time for argument, the district attorney may argue the evidence and the legitimate inferences that the jury might draw from the evidence, however, it is not proper for the district attorney to interpose his personal opinions before the jury as to the guilt or innocence of an accused during the presentation of evidence and before all the evidence is in. Here the district attorney's statement that he believed defendant would hire somebody to kill was improper.
>
> . . .
>
> The district attorney's statement that the witness had lied for his son exceeded the bounds of propriety.

296 N.C. at 51-52, 249 S.E. 2d at 383.

Nevertheless, this Court held that due to curative instructions by the trial court to the jury, and the strong evidence of the defendant's guilt, a new trial would not be awarded.

Defendant also cites *State v. Smith*, 279 N.C. 163, 181 S.E. 2d 458 (1971). In that case the defendant was convicted of rape and given a life sentence. This Court ordered a new trial because of the prosecutor's inflammatory and prejudicial argument to the jury, including the assertion that he (the prosecutor) knew when and when not to ask for the death penalty, his characterization of defendant as being "lower than the bone belly of a cur dog" and a "liar," and that he did not believe "a living word" that the defendant said about the case.

Defendant also cites other cases including *State v. Davis*, 272 N.C. 102, 157 S.E. 2d 671 (1967) and *State v. Pillow*, 234 N.C. 146, 66 S.E. 2d 657 (1951), all of which we have reviewed. Suffice to say that the statement complained of here in no way approaches the level of the statements held to be prejudicial error in the cases cited by defendant.

Although it would have been better if the trial judge had not said that the State "thinks it can prove its case," we perceive no prejudice to defendant.

In the case at hand, as is usually true in criminal cases, the State was in the position of having to prove beyond a reasonable doubt that defendant was guilty of the offense with which he was charged. We see nothing improper in a prosecutor stating in his opening remarks to the jury that the State *will*, or he *thinks* it will, carry that burden. We do not believe that the fact that the challenged language came from the trial judge provided such emphasis that it prejudicially influenced the verdict of the jury.

The assignment of error is overruled.

By his final assignment of error, defendant contends that the trial court erred in sustaining the State's objections to testimony relating to statements defendant made to witnesses about the alleged offense. We find no merit in this assignment.

Mary Bostian and Barbara Radcliffe were called as witnesses for defendant, primarily as character witnesses. Each of them stated that defendant had talked to her about the case. When each witness was asked what defendant told her, the State objected and the court sustained the objection. The record does not disclose what the answers of the witnesses would have been if allowed to answer.

[3] It is well established in this jurisdiction that when the court sustains an objection to questions and the record fails to show what the answers would have been, it cannot be determined that the ruling, even if error, was prejudicial. *State v. Adams*, 299 N.C. 699, 264 S.E. 2d 46 (1980); *State v. Martin*, 294 N.C. 253, 240 S.E. 2d 415 (1978). We cannot speculate that the answer might have been favorable to defendant.

We conclude that defendant received a fair trial, free from prejudicial error.

No error.

Justice MARTIN concurring.

I concur in the opinion of the majority and the result reached, except as herein set forth. I dissent from the holding of the majority which applies the "plain error" rule established in *State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983), to the admission of evidence. Evidentiary matters are entirely different from

instructions by the court on matters of law. The plain error rule is appropriate for application to jury instructions by the court. It should not be applied to evidentiary matters.

Rule 10 was adopted to limit the scope of appellate review to those questions properly presented. The commentary to the rule points to the necessity of a "sifting process" to determine the issues for resolution upon appellate review. I am fearful that applying the "plain error" rule to evidentiary matters constitutes the first step in abrogating the necessity for objections at trial as the basis for building assignments of error. An open invitation is extended to the bar to raise issues on appeal which were not properly raised or preserved at the trial level. Our law has consistently been to the contrary. *State v. Foddrell*, 291 N.C. 546, 231 S.E. 2d 618 (1977). The admission of incompetent evidence is not ground for a new trial where there was no objection at the time the evidence was offered. This is true even though it involves rights under the state and federal constitutions. *Id.; State v. Lowery*, 286 N.C. 698, 213 S.E. 2d 255 (1975), *death sentence vacated*, 428 U.S. 902, 49 L.Ed. 2d 1206 (1976). This Court held in *State v. Ballard*, 79 N.C. 627, 629 (1878), that a defendant in a criminal case cannot

> be silent and acquiesce in the introduction of any evidence which on objection made in apt time would have been ruled out, and permit it to be heard and acted on by the jury and then complain of its admission. In such case he must abide the result, and can not complain after conviction.

Although this has long been the rule, this Court has never been derelict in its duty to see justice done, and where there is unobjected error of such fundamental nature that a defendant has been deprived of a fair trial, the Court will on its own motion review such error. *State v. Cochran*, 230 N.C. 523, 53 S.E. 2d 663 (1949). It will continue to do so.

Justice COPELAND dissenting.

I must respectfully dissent from that part of the majority's opinion which holds that the admission of testimony concerning the defendant's employment in an adult bookstore four years before the trial was not prejudicial. I first would like to point out that the majority is correct in asserting that the failure to object

State v. Black

to, or move to strike, immediately upon discovery of the objectional nature of the evidence, is a waiver of an objection to that evidence. *State v. Cox*, 303 N.C. 75, 277 S.E. 2d 376 (1981). However, in our recent decision in *State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983) we adopted the "plain error" rule to allow review of some assignments of error which are banned by waiver rules. While the "plain error" rule must be applied in only exceptional cases, it may be applied when the error results in the defendant being denied a fair trial. *State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983). I believe the evidence concerning the defendant's employment in an adult bookstore did deny him a fair trial.

The case against the defendant was built around the testimony of an eight year old child. It was simply a question of who the jury would believe; and as a result the defendant's credibility was a crucial aspect of the jury's final decision. The introduction into evidence of the defendant's employment in an adult bookstore made him, a person charged with a deviant sex act, appear to be a peddler of deviant sexual material. It would be difficult to conceive of evidence more damaging to defendant's case than this. The majority shrugs this off by stating that the defendant's credibility was already seriously damaged by his admission that he was convicted for making "harassing and annoying telephone calls." The record does not indicate whether the harassing and annoying calls were of a sexual nature. As a result, I feel the evidence which depicted defendant as a man who had worked with deviant sexual material was so prejudicial that it made a large contribution to his conviction.

The majority seems to assume, and I agree, that the evidence was incompetent. Upon motion, the evidence would have properly been stricken. This is so because operating an adult bookstore and selling pornographic material, absent a showing that the material sold was obscene, is not an act of misconduct. Although not an act of misconduct and therefore not legally available for impeachment, this kind of activity would nevertheless weigh heavily on the minds of the jurors.

For these reasons I vote for a new trial.

Justice EXUM joins in this dissenting opinion.