STATE OF NORTH CAROLINA v. GUIJUL SIRIGUANICO

No. COA01-7

(Filed 18 June 2002)

**1. Drugs— cocaine trafficking by possession—sufficiency of evidence**

There was sufficient evidence that defendant possessed cocaine and was guilty of trafficking by possession where defendant was aware of and present during all conversations related to the purchase, he rode in a car from Goldsboro to Wilmington knowing that the cocaine was in the car, he accompanied the informant into an apartment in Wilmington and remained inside while the informant returned to the car for the cocaine, watched as the informant opened the package and placed the cocaine on the scales, and actively assisted the informant in weighing the cocaine on the scales.

**2. Evidence— informant's statements—other evidence to same effect**

There was no plain error in a cocaine trafficking prosecution where the trial court admitted statements from an informant who did not testify at trial. The essential evidence regarding defendant's knowledge and participation in the drug deal came from witnesses who testified at trial and not from the statements of the informant.

Appeal by defendant from judgments entered 17 August 2000 by Judge Ernest B. Fullwood in New Hanover County Superior Court. Heard in the Court of Appeals 27 November 2001.

*Attorney General Roy Cooper, by Assistant Attorney General John P. Barkley, for the State.*

*Jeffrey Evan Noecker, for defendant-appellant.*

CAMPBELL, Judge.

Defendant appeals from convictions of cocaine possession and trafficking in cocaine by possession. We find no error.

Evidence for the State tended to show that law enforcement officers were working with an informant named Tony Rodriguez ("the informant") to arrange a cocaine transaction in the Goldsboro, North

Carolina area. The informant met with co-defendant Ventura Medrano (also known as "Chico") on 10 September 1999 seeking to purchase cocaine. Defendant was also present at this meeting. That night, Chico and defendant rode with the informant in his vehicle, a Ford Bronco ("Bronco"), over to Mariano Medrano's ("Medrano") house (Chico's cousin who was also a co-defendant) to arrange the cocaine purchase for the following morning.

On the morning of 11 September 1999, Chico, the informant, defendant and Daniel Romero ("Romero"), a third co-defendant, picked up a package of cocaine from Medrano on their way to Wilmington, North Carolina ("Wilmington") for a fishing trip. However, additional testimony revealed that another purpose of the Wilmington trip was to "deal." The package was placed under the seat of the informant's Bronco. Testimony indicated that the men, fearing they might be stopped and arrested by law enforcement officers for cocaine possession, talked for approximately thirty minutes about who would ride in the Bronco with the informant. Ultimately, defendant rode with the informant. The co-defendants followed in a van.

Upon arriving in Wilmington, the informant and defendant exited the Bronco, and entered an apartment that had been wired to transmit video and audio signals to law enforcement officers waiting outside. The apartment contained a small set of scales (such as would be used for weighing drugs), plastic bags, tape and other items used for the sale and distribution of drugs. No one else was present in the apartment. The van carrying the other three men drove past the apartment and stopped at a nearby gas station.

After entering the apartment, the informant returned to the Bronco to obtain the package of cocaine and carried it into the apartment wrapped in a blanket. Defendant was present as the informant unwrapped the package and placed the cocaine on the scales. While defendant never held the cocaine, he helped the informant adjust the weights while the cocaine was on the scales. Moments later when defendant went into the restroom, the law enforcement officers entered the apartment and arrested defendant.

Defendant was charged with trafficking in cocaine by possession, trafficking in cocaine by transportation, trafficking in cocaine by delivery, conspiracy to traffick in cocaine, conspiracy to sell and deliver cocaine, and possession of cocaine with intent to sell and deliver cocaine. Defendant was arraigned and entered pleas of not guilty to all charges.

STATE v. SIRIGUANICO

[151 N.C. App. 107 (2002)]

Prior to trial, defendant filed a motion to dismiss the charges against him. The motion was heard by the trial court before the jury was empaneled. After hearing arguments of counsel, the court took the motion under advisement until the close of the States's evidence.

At the close of the State's evidence, defendant renewed his motion to dismiss all of the charges. After hearing arguments of counsel, the trial court granted the motion with respect to the indictments for trafficking in cocaine by delivery, conspiracy to traffick in cocaine, and conspiracy to sell or deliver cocaine. The motion was denied with respect to the remaining charges.

Defendant did not testify on his own behalf or present any evidence at trial. Thereafter, at the close of all the evidence, defendant again moved to dismiss all remaining charges against him. This motion was denied.

After the trial, the jury deliberated and returned verdicts of guilty of possession of cocaine and trafficking in cocaine by possession. On 17 August 2000, Judge Ernest B. Fullwood sentenced defendant to a term of 175 months to 219 months in the North Carolina Department of Corrections on the trafficking charge and also fined him $250,000.00. Judgment was arrested in respect to the cocaine possession charge. Defendant appeals these judgments.

By defendant's first assignment of error he argues that the trial court erred in failing to grant his motion to dismiss all the charges against him because there was insufficient evidence as to each charge. We disagree.

When ruling on a defendant's motion to dismiss a criminal action, "the trial court is to determine whether there is substantial evidence (a) of each essential element of the offense charged, or of a lesser offense included therein, and (b) of defendant's being the perpetrator of the offense. If so, the motion to dismiss is properly denied." *State v. Earnhardt*, 307 N.C. 62, 65-66, 296 S.E.2d 649, 651-52 (1982) (citing *State v. Roseman*, 279 N.C. 573, 580, 184 S.E.2d 289, 294 (1971)). Whether the evidence presented is substantial is a question of law for the court. *State v. Stephens*, 244 N.C. 380, 384, 93 S.E.2d 431, 433 (1956). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). "If the evidence is sufficient only to raise a suspicion or conjecture as to either the

commission of the offense or the identity of the defendant as the per-
petrator of it, the motion to dismiss should be allowed." *Earnhardt*,
307 N.C. at 66, 296 S.E.2d at 652 (citing *State v. Cutler*, 271 N.C. 379,
383, 156 S.E.2d 679, 682 (1967)).

[1] Defendant's first assignment of error presents this Court with the
issue of whether there was sufficient evidence to prove defendant
was in possession of cocaine so that reasonable minds might con-
clude that he was guilty of cocaine possession and trafficking in
cocaine by possession. We find that there was sufficient evidence.

Our statutes provide that a person who possesses twenty-eight
grams or more of cocaine[1] shall be guilty of the felony known as "traf-
ficking in cocaine." N.C. Gen. Stat. § 90-95(h)(3) (2001). The posses-
sion element of this felony can be proven by showing either actual
possession or constructive possession. In determining whether pos-
session is constructive, this Court has recognized that:

> 'Where such materials are found on the premises under the
> control of an accused, this fact, in and of itself, gives rise to an
> inference of knowledge and possession which may be sufficient
> to carry the case to the jury on a charge of unlawful possession.'
> It is not necessary to show that an accused has exclusive control
> of the premises where [drugs and/or drug] paraphernalia are
> found, but 'where possession . . . is nonexclusive, constructive
> possession . . . may not be inferred without other incriminating
> circumstances.'

*State v. McLaurin*, 320 N.C. 143, 146, 357 S.E.2d 636, 638 (1987)
(citations omitted).

In the case *sub judice*, there was substantial evidence of other
incriminating circumstances to establish that defendant was in
nonexclusive, constructive possession of 990 grams of cocaine.
Defendant was aware of and present during all conversations related
to the cocaine purchase. Defendant, knowing that cocaine was in the
Bronco, rode in the Bronco with the informant to transport the
cocaine to Wilmington. Once in Wilmington, defendant accompanied
the informant inside the apartment and remained inside while the
informant returned to the Bronco to retrieve the package of cocaine.
After the informant returned with the cocaine, defendant watched as

---

1. Both parties agreed that the package of cocaine in question contained more
than twenty-eight grams of cocaine. A chemist for the State testified that the package
actually contained 990 grams of cocaine.

the informant opened the cocaine package in his presence and placed the cocaine on the scales. Finally, although he never touched the cocaine, defendant actively assisted the informant in weighing the cocaine on the scales. All of this substantial evidence of other incriminating circumstances was sufficient to support the trial court's denial of defendant's motion to dismiss the charges against him.

[2] By defendant's second assignment of error he argues that the trial court committed plain error in admitting statements made by the informant even though he did not testify at trial. We disagree.

"This Court has held many times that an objection to, or motion to strike, an offer of evidence must be made as soon as the party objecting has an opportunity to discover the objectionable nature thereof; and unless objection is made, the opposing party will be held to have waived it." *State v. Black*, 308 N.C. 736, 739, 303 S.E.2d 804, 805-06 (1983). However, to prevent the potential harshness of a rigid application of this rule, our State adopted the "plain error" rule that is recognized by our federal courts. *Id.* at 740, 303 S.E.2d at 806. The "plain error" rule:

> [I]s always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a 'fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done,' or 'where [the error] is grave error which amounts to a denial of a fundamental right of the accused,' or the error has 'resulted in a miscarriage of justice or in the denial to appellant of a fair trial' or where the error is such as to 'seriously affect the fairness, integrity or public reputation of judicial proceedings' or where it can be fairly said 'the instructional mistake had a probable impact on the jury's finding that the defendant was guilty.'

*Id.* at 740-41, 303 S.E.2d at 806-07 (quoting *United States v. McCaskill*, 676 F.2d 995, 1002 (4th Cir. N.C.), *cert. denied*, 459 U.S. 1018, 74 L. Ed. 2d 513 (1982)).

During defendant's trial, evidence concerning statements made by the informant was admitted without objection from defendant's counsel. However, after reviewing the record and the transcript, we find no plain error. The essential evidence regarding defendant's knowledge and participation in the drug deal came from witnesses who did testify at the trial and not from the statements of the informant. The co-defendants involved in this case provided testimony

establishing defendant's knowledge of the cocaine and their plans to transport it to Wilmington. Those same co-defendants, as well as several law enforcement officers, testified regarding defendant's presence in the informant's Bronco with the cocaine while en route to Wilmington. Finally, the law enforcement officers that video-taped defendant inside the Wilmington apartment testified that defendant participated in weighing the cocaine on the scales. Therefore, any statements made by the informant and admitted during the trial were not so prejudicial as to result in the denial of a fair trial to defendant.

For the aforementioned reasons, we find that defendant's convictions of cocaine possession and trafficking in cocaine by possession should be upheld.

No error.

Judges GREENE and McCULLOUGH concur.