FORSYTH COUNTY HOSPITAL AUTHORITY, INC., PLAINTIFF-APPELLEE v. ETHEL SALES AND JESSIE LYNCH, DEFENDANT-APPELLANTS

No. 8621DC304

(Filed 5 August 1986)

Contracts § 27.1; Guaranty § 1— hospital patient—liability to pay for services—patient admitted by sister—sister liable on guaranty agreement

  The law implied a contract whereby defendant patient was primarily liable to plaintiff hospital for the reasonable value of the services rendered on her behalf, and defendant sister of the patient was secondarily liable pursuant to the express provisions of the guaranty agreement she signed.

APPEAL by defendant Jessie Lynch from *Gatto, Judge*. Judgment entered 9 December 1985 in District Court, FORSYTH County. Heard in the Court of Appeals 12 June 1986.

Plaintiff hospital instituted this action for unpaid hospital services in the amount of $7,977.25, rendered to defendant Jessie Lynch, plus interest and costs. Defendant Jessie Lynch answered, admitting that plaintiff hospital had provided her with medical services but denying that she had agreed to pay plaintiff. Defendant Lynch alleged as a defense that she cannot be held liable under a theory of an implied contract for the unpaid balance because her sister defendant Ethel Sales was obligated to pay, having signed an express contract with plaintiff to pay for the hospital services. On 22 November 1985, plaintiff moved for summary judgment against defendant Lynch. Plaintiff's motion was supported by the affidavit of Gary Barringer, Credit and Col-

lections Manager of plaintiff, which incorporated by reference *two* exhibits, to wit: a true copy of 26 February 1982 admission form and a copy of the hospital bill for $7,977.25. On 9 December 1985, the court granted plaintiff's motion for summary judgment against defendant Lynch. Defendant Jessie Lynch appeals.

*Womble Carlyle Sandridge & Rice, by Roddey M. Ligon, Jr. and Joan M. Healy, for plaintiff appellee.*

*Legal Aid Society of Northwest North Carolina, Inc., by Susan Gottsegen, for defendant appellant.*

JOHNSON, Judge.

On 26 February 1982, defendant Jessie Lynch was admitted for hospitalization at Forsyth Memorial Hospital. Mrs. Lynch received the care and services rendered by the hospital until her discharge over thirty (30) days later on 29 March 1982. The total bill during her hospitalization amounted to $7,977.25. Defendant Ethel Sales, sister of defendant Jessie Lynch, signed Mrs. Lynch's admission form, including the section thereunder entitled "Financial Responsibility."

On one hand, when a physician renders professional services, the law implies a promise on the part of the patient who received the benefit of the services to pay what the services are reasonably worth, absent an agreement that the services were rendered gratuitously. *Prince v. McRae*, 84 N.C. 674 (1881); 10 Williston On Contracts sec. 1286A (3d ed. 1967). Failure to agree on the amount of compensation entitles the physician to the reasonable value of his services, even where he ministers treatment to a person incapable of mutuality of assent. 10 Williston On Contracts, *supra*, at sec. 1286. On the other hand, when there is an express contract creating primary liability for the furnishing of services to a third person, the law will not imply a contract to the third person, even though it is the third person who received the benefits of the services. *Vetco Concrete Co. v. Troy Lumber Co.*, 256 N.C. 709, 124 S.E. 2d 905 (1962); *Ranlo Supply Co. v. Clark*, 247 N.C. 762, 102 S.E. 2d 257 (1958). Hence, the determinative issue in this case is whether the statement of "Financial Responsibility" constitutes a guaranty, creating a secondary liability rather than a primary liability.

A guaranty is a promise to answer for the payment of some debt, or the performance of some duty, in the case of the failure of another person who is liable in the first instance for such payment or performance. *Cowan v. Roberts*, 134 N.C. 415, 46 S.E. 979 (1904). The guaranty creates an obligation that is independent of the obligation of the principal debtor. *Gillespie v. DeWitt*, 53 N.C. App. 252, 258, 280 S.E. 2d 736, 741, *disc. rev. denied*, 304 N.C. 390, 285 S.E. 2d 832 (1981). A guaranty is a collateral and independent undertaking creating a secondary liability. *SNML Corp. v. Bank of North Carolina*, 41 N.C. App. 28, 36, 254 S.E. 2d 274, 279 (1979). The creditor's cause of action against the guarantor ripens immediately upon the failure of the principal debtor to pay the debt at maturity. *Investment Properties of Asheville, Inc. v. Norburn*, 281 N.C. 191, 195, 188 S.E. 2d 342, 345 (1972). A guaranty of collection is distinguished from a guaranty of payment in that the former is a promise by the guarantor to pay the debt only on the condition that the creditor first diligently prosecute the principal debtor without success. *EAC Credit Corp. v. Wilson*, 281 N.C. 140, 145, 187 S.E. 2d 752, 755 (1972).

In *Gillespie v. DeWitt, supra*, the agreement at issue provided:

> We hereby jointly and severally *guarantee* the full and prompt *payment* to said Bank at maturity, and at all times thereafter, and also at the time hereinafter provided, of any and all indebtedness, liabilities and obligations of every nature and kind of said Debtor to said Bank, and every balance and part thereof, whether now owing or due, or which may hereafter, from time to time, be owing or due, and howsoever heretofore or hereafter created or arising or evidenced, to the extent of $30,000.

*Gillespie v. DeWitt, supra*, at 259, 280 S.E. 2d at 741 (emphasis added). This Court held that the above language was "sufficient to create a guaranty of payment." *Id.*

The pertinent section of Forsyth Memorial Hospital's admission form provides:

#### FINANCIAL RESPONSIBILITY

> The undersigned, in consideration of hospital services being rendered or to be rendered by Forsyth County Hospital Au-

thority, Inc. in Winston-Salem, N.C. to the above patient, does hereby *guarantee payment* to Forsyth County Hospital Authority, Inc. on demand all charges for said services and incidentals incurred on behalf of such patient.

(Emphasis added.)

Although the section is entitled "Financial Responsibility," while the pertinent section in *Gillespie v. DeWitt, supra,* was entitled "Loan Guaranty Agreement," the title is not necessarily binding. The substance of the transaction controls. *Thompson v. Soles,* 299 N.C. 484, 263 S.E. 2d 599 (1980). The agreement signed by defendant Ethel Sales expressly "guarantee[s] payment," as did the guaranty agreement in *Gillespie v. DeWitt, supra.* Neither the agreement at issue nor the agreement in *Gillespie v. DeWitt, supra,* expressly condition such payment on the failure of the principal debtor to pay. The agreement signed by defendant Ethel Sales was sufficient to create a guaranty of payment.

The rule expressed in *Vetco Concrete Co. v. Troy Lumber Co., supra,* that there can be no implied contract when there is an express contract regarding the same subject matter, does not apply when the express contract creates a secondary obligation. A primary obligation can be implied when a secondary obligation, or guaranty, is expressly provided.

> A guaranty in its technical and legal sense has relation to some other contract or obligation with reference to which it is a collateral undertaking; it is a secondary and not a primary obligation. A guaranty can exist only where there is some principal or substantive liability to which it is collateral; if there is no primary liability on the part of the third person, *either express or implied,* that is, if there is no debt, default, or miscarriage, present or prospective, there is nothing to guarantee and hence there can be no contract of guaranty.

38 C.J.S. *Guaranty* sec. 2 (1943) (emphasis added).

We find that the holding in *Prince v. McRae, supra,* whereby the law implies a promise on the part of the patient to pay the physician applies equally to hospitals as health care providers. In conclusion, in the case *sub judice,* the law implies a contract whereby defendant Jessie Lynch is primarily liable to the hospi-

tal for the reasonable value of the services rendered on her behalf. Defendant Sales is secondarily liable pursuant to the express provisions of the guaranty agreement she signed. The court was correct in holding that plaintiff is entitled to judgment against defendant Jessie Lynch as a matter of law.

In defendant Jessie Lynch's second argument presented in her brief, she contends that the court erred in granting summary judgment for plaintiff "when the evidence offered was inadmissible." Specifically, defendant objects to the evidence on the grounds that the copy of defendant Lynch's hospital bill, accompanied by the affidavit of Gary Barringer, Credit and Collections Manager of plaintiff hospital, "[does] not meet the requirements of a business record" and is "not sufficiently itemized" so as to constitute an "itemized statement of account" within the meaning of G.S. 8-45.

Absent some exceptional situation not present in the case at bar, error may not be predicated upon the admission of evidence unless a timely objection or motion to strike appears of record. Rule 103(a), N.C. Rules Evid.; 1 H. Brandis on N. C. Evidence, sec. 27 (rev. 2d ed. 1982). No objection or motion to strike the hospital bill appears in the record on appeal before us. Hence, we need not address this argument.

Defendant Lynch did not challenge the amount of the hospital bill as not indicative of the reasonable value of the medical services rendered; therefore, summary judgment in favor of plaintiff for the amount of the bill is

Affirmed.

Judges BECTON and COZORT concur.