STATE OF NORTH CAROLINA v. WILLIAM JESS REID

No. 540A87

(Filed 5 May 1988)

1. **Criminal Law §§ 53, 162.2— sexual offenses—opinion of treating physician—objection too late**

There was no plain error in a prosecution for first degree sexual offense, attempted first degree sexual offense, and armed robbery where defendant challenged the admissibility of a doctor's opinion that some event had happened which led to the mental state of the victim, but defendant's objection and motion to strike were made after the prosecutor had asked the doctor for his opinion, the doctor had responded, and the prosecutor had proceeded to the next question. The Supreme Court was unable to conclude that any error caused the jury to reach a different verdict, and declined defendant's invitation to suspend the rules of appellate procedure. N.C.G.S. § 15A-1443, N.C.G.S. § 8C-1, Rule 103(a)(1) (1986), N.C. Rules of App. Procedure, Rule 2.

2. **Criminal Law § 73.4— destruction of evidence—explanation—present sense impression exception to hearsay rule**

The trial court did not err in a prosecution for first degree sexual offense, attempted first degree sexual offense, and armed robbery by admitting a detective's testimony as to what the captain of the identification bureau had said while destroying the rape kit. Assuming that the testimony was hearsay, it came within the present sense impression exception of N.C.G.S. § 8C-1, Rule 803(1) because the event and the statement occurred simultaneously and the statement was in explanation of the event.

APPEAL as of right by the defendant pursuant to N.C.G.S. § 7A-27(a) from judgments imposing two sentences of life imprisonment entered by *Lamm, J.,* at the 22 June 1987 Criminal Session of Superior Court, GASTON County. Heard in the Supreme Court on 11 April 1988.

*Lacy H. Thornburg, Attorney General, by James B. Richmond, Special Deputy Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Staples Hughes, Assistant Appellate Defender, for the defendant appellant.*

MITCHELL, Justice.

The defendant, William Jess Reid, was tried on separate bills of indictment charging him with three counts of sexual offense and one count of robbery with a dangerous weapon of a sixteen-year-old male victim. The cases were consolidated for trial, and the jury returned verdicts finding the defendant guilty of two counts of first-degree sexual offense, one count of attempted first-degree sexual offense, and one count of robbery with a dangerous weapon.

On appeal to this Court, the defendant raises two assignments of error relating to the testimony of witnesses. Having reviewed the entire record and the challenged testimony, we find no error in the defendant's trial.

The evidence presented by the State tended to show that on the evening of 13 June 1986, the defendant Reid accosted the victim, a sixteen-year-old male employee of a Food Lion supermarket, while the victim was picking up trash in the parking lot and bringing in shopping carts. Reid forced the victim at the point of

a handgun to go with him to the back of the building. Reid then took the victim's gold ring from his finger, forced him to perform fellatio, attempted to sodomize him, and forced him to perform a second act of fellatio. The victim subsequently was taken to the hospital, where he was examined by a physician, interviewed by police officers, and admitted to the psychiatric unit of the hospital for emotional trauma.

[1] In his first assignment of error, the defendant asserts that the trial court committed reversible error in its ruling on the admissibility of the testimony of Dr. Robert Ladd, the emergency room physician who examined the victim following the attack. Dr. Ladd testified that his examination of the victim essentially revealed no physical evidence of a forcible sexual assault. The history that he obtained from the victim consisted of his statement that he had been forced into performing the sexual acts with the defendant. Dr. Ladd stated that the victim was "a very withdrawn, very quiet young man; and I just didn't seem to get through to him very well. He just stared in space most of the time."

In response to the prosecutor's question concerning what course of treatment the doctor had recommended, the following testimony occurred:

A. Because that I thought the young man was very emotionally traumatized, I recommended having him admitted to the psychiatric unit at the hospital.

Q. Was he admitted—

A. I referred him to a psychiatrist, and he was admitted.

Q. Based upon your examination and the history that you obtained from Mr. Mills, Dr. Ladd, did you form an opinion satisfactory to yourself as to whether or not he had been physically assaulted?

A. My opinion was that something had happened to this young man that severely and emotionally traumatized him.

Q. Based upon the history—

A. Based upon the history and based upon the way he acted.

THE PUBLIC DEFENDER: OBJECTION AND MOVE TO STRIKE.

THE COURT: Well—

THE DISTRICT ATTORNEY: Your witness.

THE COURT: SUSTAINED as to the question. He broke in. I think he was going to ask him but never did.

The defendant challenges the admissibility of the doctor's opinion that some event had in fact occurred which led to the mental state of the victim, because this statement was unresponsive to the question posed and prejudicial. "If an unresponsive answer produces irrelevant or incompetent evidence, the evidence should be stricken and withdrawn from the jury." *State v. Keen*, 309 N.C. 158, 162, 305 S.E. 2d 535, 537 (1983). In the context of the doctor's testimony, the defendant asserts that the doctor's opinion should have been stricken, because it could only have been taken by the jury as a comment on both the credibility of the victim and the guilt of the defendant.

We find it unnecessary, however, to address the merits of the defendant's argument. Under N.C.G.S. § 15A-1446, an assignment of error ordinarily will not be considered on appellate review unless the error has been brought to the attention of the trial court by appropriate and timely objection or motion. Failure to do so amounts to a waiver. *State v. McDougall*, 308 N.C. 1, 301 S.E. 2d 308, *cert. denied*, 464 U.S. 865 (1983); *State v. White*, 307 N.C. 42, 296 S.E. 2d 267 (1982). Furthermore, under Rule 103 of the North Carolina Rules of Evidence, error may not be predicated on a ruling admitting evidence unless a timely objection or motion to strike appears in the record. N.C.G.S. § 8C-1, Rule 103(a)(1) (1986). Although under this rule no particular form is required to preserve the right to assert the alleged error on appeal, the motion or objection must be timely and clearly present the alleged error to the trial court.

As to the alleged error in the present case, the defendant's objection and motion to strike were made after the prosecutor had asked Dr. Ladd for his opinion, and after Dr. Ladd had responded and the prosecutor had proceeded to the next question. Indeed, during oral arguments before this Court, the defendant conceded with commendable candor that the objection at trial came too late and that this question was not properly preserved for appellate review. Nevertheless, the defendant argues that he

should be granted relief because the admission of the testimony was sufficiently egregious to constitute "plain error." Alternatively, the defendant asks that we consider this assignment of error under our residual powers to suspend the rules of appellate procedure to prevent "manifest injustice." App. R. 2.

We perceive no plain error in the trial court's actions. The plain error rule applies only in truly exceptional cases. Before deciding that an error by the trial court amounts to "plain error," the appellate court must be convinced that absent the error the jury would have reached a different verdict. *State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983). This test places a much heavier burden upon the defendant than that imposed by N.C.G.S. § 15A-1443 upon defendants who have preserved their rights by timely objection. *State v. Walker*, 316 N.C. 33, 39, 340 S.E. 2d 80, 83 (1986). From the facts in this case, we are unable to conclude that any possible error committed caused the jury to reach a different verdict than it would have reached otherwise. *See State v. Black*, 308 N.C. 736, 303 S.E. 2d 804 (1983). The defendant has not carried his burden of showing "plain error." *See generally, State v. Walker*, 316 N.C. 33, 340 S.E. 2d 80 (discussing the "plain error" analysis). Moreover, we decline the defendant's invitation to suspend the rules of appellate procedure. Accordingly, this assignment of error is overruled.

[2] In his second assignment of error, the defendant contends that the trial court committed reversible error in its ruling on the admissibility of certain testimony of Detective R. L. Williams. On cross-examination of Dr. Ladd, the defendant's attorney brought out for the first time that Dr. Ladd had performed a standard rape kit examination of the victim and had turned the physical evidence he collected over to a police officer. Detective Williams later testified that Dr. Ladd had turned the rape kit over to him. During direct examination of Detective Williams, the following testimony occurred:

Q. What happened to the rape kit that you received from Dr. Ladd?

A. It was taken to the Identification Bureau and preserved in a refrigerator.

Q. And how long did you keep it?

A. It was kept until November of 1986.

Q. What happened to it on that day?

A. It was removed from the refrigerator by the Captain of the Identification Bureau and —

Q. Who is he?

A. Captain Marvin Barlow.

Q. And what did Captain Barlaw do with it?

A. He destroyed the evidence. Did not think it was —

Q. Where were you at the time it was destroyed?

A. I was in the Identification Bureau?

Q. What, if anything, did you say or do?

A. I advised him that the case was still pending at that time, and he did not —

THE PUBLIC DEFENDER: OBJECTION to anything he might have said.

THE COURT: Well, SUSTAINED to what he might have said. Well, OVERRULED.

A. He said he did not feel that it would be of sufficient value after that period of time.

Q. Now after —

THE PUBLIC DEFENDER: OBJECTION AND MOVE TO STRIKE, Your Honor.

THE COURT: DENIED.

Captain Barlow's statement, according to the defendant, was not only hearsay, but also incompetent opinion evidence for which no foundation had been laid. The defendant argues that the State was allowed the benefit of expert opinion testimony, not subject to cross-examination or confrontation, which provided an explanation for the destruction of evidence. Thus, the defendant asserts that this statement thwarted his defense argument that the State had unfairly deprived him of the benefit of that evidence and could not be found to have met its burden of proof. We disagree.

Assuming arguendo that the testimony was hearsay, we find that it comes within the "present sense impression" exception provided by Rule 803(1) of the North Carolina Rules of Evidence. This exception allows into evidence a hearsay "statement describing or *explaining an event* or condition made while the declarant was perceiving the event or condition, or immediately thereafter." N.C.G.S. § 8C-1, Rule 803(1) (1986) (emphasis added). The underlying theory of the present sense exception to the hearsay rule is that closeness in time between the event and the declarant's statement reduces the likelihood of deliberate or conscious misrepresentation. *State v. Odom*, 316 N.C. 306, 341 S.E. 2d 332 (1986).

In the present case Captain Barlow made a statement to Detective Williams while destroying the rape kit. Barlow's statement was one "explaining an event," i.e., the destruction of the evidence. Because the event and Barlow's statement occurred simultaneously and the statement was in explanation, we conclude that Detective Williams' testimony concerning Barlow's statement was admissible under the present sense exception to the hearsay rule. Accordingly, this assignment of error is overruled.

The defendant received a fair trial, free of prejudicial error.

No error.