STATE v. SWANN

[115 N.C. App. 92 (1994)]

━━━━━━━━━━━━

STATE OF NORTH CAROLINA v. JEFFREY ALAN SWANN

No. 9328SC585

(Filed 7 June 1994)

1.  **Criminal Law § 104 (NCI4th)— officers' reports—change in terminology—defendant not surprised—issue not raised prior to appeal**

    There was no merit to defendant's contention that changes in the police officers' report of defendant's statements omitting racial phraseology and substituting acceptable terminology impermissibly violated N.C.G.S. § 15A-903 by depriving defense counsel of the opportunity to voir dire prospective jurors regarding their reactions to the racial slurs prior to hearing those epithets during the officers' testimony, since the State voluntarily provided the discovery at issue; defendant was not deceived or unfairly surprised when he discovered during trial what terms the officers used in their report; defendant did not move for discovery pursuant to N.C.G.S. § 15A-903 in order to determine the actual terminology used by defendant in his statement, nor did he move for sanctions for the State's failure to comply with discovery pursuant to N.C.G.S. § 15A-910; and defendant did not object to the testimony of the police officers at the time the statements were made and thereby waived any evidentiary assignment of error he might have had.

    **Am Jur 2d, Depositions and Discovery §§ 436 et seq.**

2. **Criminal Law § 1098 (NCI4th)— use of deadly weapon evidence to show malice—use of pistol not to be considered in sentencing**

Evidence that defendant took a deadly weapon with him into the homicide victim's neighborhood was so closely connected to the evidence possibly used by the jury to find that the killing was done with malice that it was error for the trial court to consider the use of the pistol again in sentencing.

**Am Jur 2d, Criminal Law §§ 598, 599.**

Appeal by defendant from judgment entered 3 February 1993 by Judge Shirley L. Fulton in Buncombe County Superior Court. Heard in the Court of Appeals 28 February 1994.

The defendant was indicted by the grand jury on 2 November 1992 on a charge of first degree murder in the shooting death of Reginald Whiteside on 5 September 1992. The charge arose out of an incident occurring in the Shiloh area of Asheville, North Carolina. At trial, evidence presented by both the prosecution and the defendant tended to show that the defendant drove to a house in the area where he was approached by the victim. They engaged in an argument while the defendant remained seated in his car. Evidence was presented that the victim "grabbed the defendant's wallet" during the conversation. The defendant had a .32 caliber pistol beneath the driver's seat of his automobile. At some point, he reached under the seat and fired the gun, fatally striking the victim in the abdomen.

At the close of the State's evidence, the trial court granted the defendant's motion to dismiss the first degree murder charge. The case proceeded to the jury on second degree murder and voluntary manslaughter. The jury convicted the defendant of murder in the second degree.

During sentencing of the defendant, the trial court found as aggravating factors that the defendant had prior convictions of criminal offenses punishable by more than sixty days imprisonment, and that "the defendant deliberately armed himself with a gun and went into an area which he believed to be dangerous to commit an illegal act i.e. to purchase and possess a schedule II controlled substance, cocaine." The court further found the defendant's good character in the community to be a mitigating factor to be considered in sentencing. Judge Fulton concluded that the aggravating factors outweighed

STATE v. SWANN

[115 N.C. App. 92 (1994)]

the factors in mitigation, and on 3 February 1993, sentenced the defendant to life imprisonment. From the verdict and judgment, the defendant appeals.

*Attorney General Michael F. Easley, by Special Deputy Attorney General Thomas D. Zweigart, for the State.*

*Stepp, Groce & Cosgrove, by W. Harley Stepp, Jr. and Christopher S. Stepp, for defendant-appellant.*

ORR, Judge.

I.

[1] The defendant argues four assignments of error before this Court. He first argues that changes in the police officers' report omitting racial phraseology and substituting acceptable terminology impermissibly violated N.C. Gen. Stat. § 15A-903 by depriving defense counsel of the opportunity to *voir dire* prospective jurors regarding their reactions to the racial slurs prior to hearing those epithets during the officers' testimony. He argues that the changes between the verbatim reports of defendant's statements to police and the subsequent testimony of the officers unfairly surprised the defendant. We disagree with this contention and accordingly affirm the trial court.

N.C. Gen Stat. § 15A-903 provides in pertinent part:

(a) Statement of Defendant.—Upon motion of a defendant, the court must order the prosecutor:

(1) To permit the defendant to inspect and copy or photograph any relevant written or recorded statements made by the defendant, or copies thereof, . . . .

"N.C.G.S. 15A-903(a)(2) requires the trial court, upon motion by the defendant, to order the prosecutor to disclose 'the substance of any oral statement' by the defendant. As used in the statute, 'substance' means: 'Essence; the material or essential part of a thing, as distinguished from "form". That which is essential.' " *State v. Bruce,* 315 N.C. 273, 280, 337 S.E.2d 510, 515 (1985) (quoting Black's Law Dictionary 1280 (rev. 5th ed. 1979)).

In the case at bar, the State voluntarily provided the discovery at issue. The defendant does not argue that the prosecution failed to provide the officers' reports; rather, he contends that the use of the word "B/M" in the reports and the subsequent use of the actual racially inflammatory language created prejudicial error in his trial. Obvi-

ously, defense counsel was aware that the defendant did not literally use the term "B/M" when questioned by the officers. "B/M" commonly indicates that the person speaking is referring to an African-American male, and we do not believe that the defendant was deceived or unfairly surprised when he discovered during trial that another term, even one more racially inflammatory, was used.

Furthermore, the record indicates that the defendant did not move for discovery pursuant to N.C.G.S. § 15A-903 in order to determine the actual terminology used by the defendant in his statement. Additionally, he did not move for sanctions for the State's failure to comply with discovery pursuant to N.C.G.S. § 15A-910 which would have allowed the court in its discretion, *inter alia*, to declare a mistrial, dismiss the charges, recess, or issue "other appropriate orders." Rather, the defendant argues for the first time in this appeal that N.C.G.S. § 15A-903 has been violated by the State. We find no violation of the statute in question.

We also note that under N.C.G.S. § 15A-1446, an assignment of error will not be considered on appellate review unless the error has been brought to the attention of the trial court by appropriate and timely objection or motion. Failure to do so amounts to a waiver. *State v. Reid*, 322 N.C. 309, 367 S.E.2d 672 (1988). In the case *sub judice*, it was incumbent upon defendant to object to the testimony of the police officers at the time the statements were made. Our review of the transcript indicates no such objections. We therefore hold that any evidentiary assignment of error in the admission of testimony of the officers has been waived by the defendant.

## II.

[2] Secondly, the defendant argues that the trial court committed reversible error in instructing the jury that malice could be inferred from the use of a deadly weapon, then applying as an aggravating factor in sentencing the fact that the defendant armed himself prior to going into the area. He contends that since the evidence of the use of the deadly weapon was necessary to prove the element of malice in the second degree murder offense, it could not be again used as an aggravating factor during sentencing. He further argues that the trial court failed to find or to consider as a factor in mitigation that the defendant acted under strong provocation during the altercation leading to the victim's death. Finally, he argues that the trial court should have found as a mitigating factor that the victim, as a thirty-one-year-old, was a "voluntary participant." He contends that

because these applications of aggravating and mitigating factors were erroneous, a new sentencing hearing is mandated. We agree that the non-statutory aggravating factor that the defendant "deliberately armed himself with a gun" was used impermissibly by the trial court in sentencing and accordingly remand for sentencing consistent with the reasoning set forth below.

The Fair Sentencing Act, N.C.G.S. §§ 15A-1340.1 *et seq.*, applies to sentencing of all convictions other than Class A or Class B felonies. N.C.G.S. § 15A-1340.4(a) provides that "[e]vidence necessary to prove an element of the offense may not be used to prove any factor in aggravation, . . . ."

In *State v. Blackwelder*, 309 N.C. 410, 306 S.E.2d 783 (1983), our Supreme Court adopted a "bright-line" rule regarding the use of a deadly weapon as an aggravating factor where the jury had been given instructions that it might consider the use of that weapon in finding malice as an element of second degree murder. The Court held that when "the facts justify an instruction on the inference of malice arising as a matter of law from the use of a deadly weapon, evidence of the use of that deadly weapon may not be used as an aggravating factor at sentencing." *Id.* at 417, 306 S.E.2d at 788. The rule was adopted in order "to avoid hairsplitting factual disputes necessitated by having to second-guess jury decisions as to the existence of malice." *Id.*

We find that *Blackwelder* controls the case *sub judice*. After the close of all the evidence, the trial court instructed the jury as follows:

> [T]he defendant, Jeffrey Alan Swann, has been accused of Second Degree Murder. Under the law and under the evidence in this case, it is your duty to return one of the following verdicts: Guilty of Second Degree Murder, or Guilty of Voluntary Manslaughter, or Not Guilty.

> Now Second Degree Murder is the unlawful killing of a human being with malice. . . .

> . . .

> Now I charge that for you to find the defendant guilty of Second Degree Murder, the state must prove three things beyond a reasonable doubt:

> First, that the defendant intentionally and with malice killed the victim with a deadly weapon.

STATE v. SWANN

[115 N.C. App. 92 (1994)]

. . .

Now if the state proves beyond a reasonable doubt that the defendant intentionally killed the victim with a deadly weapon or intentionally inflicted a wound upon the victim with a deadly weapon that proximately caused his death, you may infer first that the killing was unlawful; and, second, that it was done with malice, but you are not compelled to do so. You may consider this along with all other facts and circumstances in determining whether the killing was unlawful and whether it was done with malice. If the killing was unlawful and was done with malice, the defendant would be guilty of Second Degree Murder.

Nothing in the record indicates the reasoning behind the jury's decision to convict the defendant of second degree murder rather than the lesser included offense of voluntary manslaughter. The *Blackwelder* Court pointed out that

short of requiring every jury to specify upon what facts and circumstances it relied in determining the existence of malice, it is simply not possible to conclude . . . that a jury instructed on the inference of malice would not have considered the use of a deadly weapon as evidence necessary to prove the element of malice.

*Id.* at 417-18, 306 S.E.2d at 788.

The State argues in its brief before this Court that this does not fall within the rule set forth in *Blackwelder* and its progeny, since the trial court found as an aggravating factor that the defendant armed himself with a deadly weapon, rather than that he used a deadly weapon. Common sense dictates that the use of a deadly weapon implies that a defendant has armed himself with a deadly weapon prior to the altercation giving rise to the murder charge. Therefore, if such were the case, in any conviction where a deadly weapon was used, the fact that the defendant had such a weapon with him at the time of the offense could be used in a finding of aggravation.

As stated above, evidence necessary to prove the offense may not be used to prove any factor in aggravation. We find that the evidence that the defendant took a deadly weapon with him into the victim's neighborhood was so closely connected to the evidence possibly used by the jury to find that the killing was done with malice that under *Blackwelder*, it was error for the trial court to consider the use of the pistol again in sentencing. We therefore remand for resentencing on this issue.

We have reviewed the defendant's remaining assignments of error in his sentencing and find that there was no error by the trial court in failing to find that the defendant did not act under strong provocation. The defendant has provided neither authority nor support for his final argument, and accordingly we decline to review this assignment of error.

No error in the trial. Remanded for resentencing.

Judges WELLS and WYNN concur.