STATE OF NORTH CAROLINA v. ELIZABETH GREEN BYRD

No. COA03-952

(Filed 1 June 2004)

**1. Appeal and Error— preservation of issues—aggravated range of sentencing**

Defendant properly preserved her right to appeal the trial court's determination of aggravating and mitigating factors in a second-degree murder case because when a defendant argues for sentencing in the mitigated range, no further objection is required to preserve the issue on appeal when the trial court sentences defendant in the aggravated range.

---

1. This is a hypothetical argument, and we hold no opinion as to its validity in the present case.

STATE v. BYRD

[164 N.C. App. 522 (2004)]

**2. Sentencing— nonstatutory aggravating factor—could have been charged with shooting into occupied property**

The trial court did not err in a second-degree murder case by finding as a nonstatutory aggravating factor that defendant could have been but was not charged with shooting into occupied property, because the additional risk defendant created by firing into a moving vehicle makes her more culpable than if she had shot the victim outside his vehicle.

**3. Sentencing— aggravating factor—shooting into occupied property—second-degree murder—use of firearm**

The trial court did not abuse its discretion in a second-degree murder case by finding as an aggravating factor that defendant fired into occupied property even though defendant contends the evidence violated N.C.G.S. § 15A-1340.16(d) since it was necessary to prove an element of the offense based on the fact that the murder was accomplished by the use of a firearm, because: (1) evidence of the use of a firearm may be used to prove an aggravating factor for an underlying conviction involving the use of that firearm so long as the gravamen of the aggravating factor is not merely the use of a weapon, but that the weapon was used in some way, proved by additional evidence, increasing defendant's culpability beyond that already attached to the underlying conviction; and (2) the evidence necessary to prove the aggravating factor of firing into the vehicle was different than that necessary to prove the element of malice for second-degree murder, the gravamen of the factor is different than the mere use of the firearm, and defendant's action of firing into the vehicle increased her culpability.

**4. Sentencing— nonstatutory aggravating factor—defendant committed felony murder**

The trial court erred in a second-degree murder case by finding as a nonstatutory aggravating factor that defendant committed felony murder but was not charged with it, because: (1) defendant was allowed to plead to second-degree murder in order to avoid going to trial on charges of first-degree murder; and (2) defendant could not have been charged with or convicted of felony murder, but could only have been charged with first-degree murder and subsequently convicted under one or both theories of first-degree murder.

**5. Sentencing— aggravating factor—shooting into occupied property—beyond a reasonable doubt standard**

The trial court did not violate defendant's rights to due process and to a jury trial in a second-degree murder case by finding as an aggravating factor that defendant shot into occupied property because defendant's sentence was not in excess of the applicable statutory maximum sentence, and therefore, this aggravating factor did not need to be proved to a jury beyond a reasonable doubt.

**6. Sentencing— nonstatutory aggravating factor—premeditation and deliberation**

The trial court did not abuse its discretion in a second-degree murder case by finding as a nonstatutory aggravating factor that defendant acted with premeditation and deliberation, because: (1) when a defendant pleads to second-degree murder, a finding that defendant acted with premeditation and deliberation may be used to aggravate the sentence if proved by a preponderance of the evidence; (2) threats against the victim by defendant and previous ill will between the victim and defendant are two factors relevant to a finding of premeditation and deliberation, and the evidence showed that defendant had previously threatened to kill the victim and that they had a history of ill will and confrontation; and (3) the evidence further showed that defendant had checked to make sure a round was chambered in her gun, defendant threatened the victim with the gun once shortly before killing him, and the victim was backing his vehicle away from defendant at the time he was shot.

**7. Sentencing— nonstatutory aggravating factor—voluntarily entered affray**

The trial court erred in a second-degree murder case by finding as a nonstatutory aggravating factor that defendant voluntarily entered the affray, because: (1) there was no evidence that defendant did anything to enter the affray other than actually shooting the victim; and (2) shooting the victim was evidence necessary to prove an element of the offense charged, and thus, may not support an aggravating factor.

**8. Sentencing— mitigating factor—strong provocation when killed victim**

The trial court did not err in a second-degree murder case by failing to find as a mitigating factor that defendant acted under

**STATE v. BYRD**

[164 N.C. App. 522 (2004)]

strong provocation when she killed the victim, because: (1) even though defendant's evidence tended to show a history of confrontation between the victim and defendant, a finding of strong provocation is not mandatory even if defendant's evidence is uncontroverted; and (2) defendant did not meet her burden of proving the trial court's decision denying the mitigating factor was not the result of a reasoned decision.

Appeal by defendant from judgment entered 10 December 2002 by Judge Michael E. Helms in Wilkes County Superior Court. Heard in the Court of Appeals 27 April 2004.

*Roy Cooper, Attorney General, by Amar Majmundar, Special Deputy Attorney General, for the State.*

*Marjorie S. Canaday for defendant-Appellant.*

STEELMAN, Judge.

Defendant, Elizabeth Byrd, pled guilty to second-degree murder pursuant to an agreement with the State on 9 December 2002. Under the terms of the plea agreement, the State reduced the charge from first-degree murder, with no provisions relating to sentencing. The sentencing hearing was conducted on that same day, and both the State and defendant offered evidence. The trial judge found four non-statutory aggravating factors and three statutory mitigating factors. The trial court determined that the aggravating factors outweighed the mitigating factors, and sentenced the defendant to an aggravated range sentence of 180-225 months imprisonment.

The evidence tends to show that the defendant killed Travis Parks by shooting him while he was in a motor vehicle. Defendant and Parks had a history of bad blood between them, and one witness interviewed by police indicated that defendant had threatened to kill Parks in the past. On 14 May 2002, Parks had been in an argument with several people outside of defendant's house. This escalated into a fight with Charlie Billings. Parks hit Billings with a pair of pliers, and upon feeling blood on his face, Billings shouted "He stabbed me." At that point others called for defendant (who was in her house at the time) to call the police. Defendant emerged from her house carrying a phone and a rifle and told Parks to stay put because the police were on the way. Parks got in his vehicle and left. A few minutes later, Parks returned in his vehicle. Billings and defendant contended that Parks was driving the vehicle towards them at a high

rate of speed when defendant shot him. The State's evidence tended to show that Parks was backing away from defendant at the time of the shooting.

[1] The State argues that defendant has waived her right to appeal her assignments of error because she failed to bring them to the attention of the trial judge by timely objection. While it is true that defendant must normally make specific objections to preserve issues on appeal, our Supreme Court has stated "We shall not require that after a trial is completed and a judge is preparing a judgment or making findings of aggravating factors in a criminal case, that a party object as each fact or factor is found in order to preserve the question for appeal." *State v. Canady*, 330 N.C. 398, 402, 410 S.E.2d 875, 878 (1991). The *Canady* Court further held that when a defendant argues for sentencing in the mitigated range, no further objection is required to preserve the issue on appeal when the trial judge sentences her in the aggravated range. *Id.* In the case at bar, defendant argued for a sentence in the mitigated range, but was sentenced from the aggravated range. She properly preserved her right to appeal the trial court's determination of aggravating and mitigating factors.

All of defendant's assignments of error relate to the trial court's decisions concerning aggravating and mitigating factors. "The mere fact that a guilty plea has been accepted pursuant to a plea bargain does not preclude the sentencing court from reviewing all of the circumstances surrounding the admitted offense in determining the presence of aggravating or mitigating factors." *State v. Melton*, 307 N.C. 370, 377, 298 S.E.2d 673, 678 (1983) (citations omitted). "As long as they are not elements essential to the establishment of the offense to which the defendant pled guilty, all circumstances which are transactionally related to the admitted offense and which are reasonably related to the purposes of sentencing must be considered during sentencing." *Id.* at 378, 298 S.E.2d at 679 (citations omitted). The defendant bears the burden of proving the existence of a mitigating factor, while the State bears the burden for aggravating factors. N.C. Gen. Stat. § 15A-1340.16(a) (2003). The proponent must prove by a preponderance of the evidence that the facts are as asserted, and the trial court is *compelled* to find the factor only if the evidence "so clearly establishes the fact in issue that no reasonable inferences to the contrary can be drawn." *State v. Clark*, 314 N.C. 638, 642, 336 S.E.2d 83, 86 (1985) (quoting *State v. Jones*, 309 N.C. 214, 220, 306 S.E.2d 451, 455 (1983)). The trial court is given great latitude in its decision to allow or disallow aggravating or mitigating factors since it is the one

that "observes the demeanor of the witnesses and hears the testimony." *State v. Canty*, 321 N.C. 520, 524, 364 S.E.2d 410, 413 (1988) (*quoting State v. Ahearn*, 307 N.C. 584, 596, 300 S.E.2d 689, 697(1983)). The trial court's discretionary ruling on sentencing factors "will be upset only upon a showing that it could not have been the result of a reasoned decision." *Canty*, 321 N.C. at 524, 377 S.E.2d at 413 (quoting *State v. Cameron*, 314 N.C. 516, 519, 335 S.E.2d 9, 11 (1985). We note that many of the cases analyzing trial courts' decisions concerning aggravating and mitigating factors were decided under the Fair Sentencing Act. Even though this case was heard under Structured Sentencing (N.C. Gen. Stat. Article 81B), the logic of the cases under the earlier act as to aggravating and mitigating factors remains valid.

[2] In her first and fifth assignments of error, defendant argues that the trial court erred in finding as a non-statutory aggravating factor that "the defendant could have been; but was not charged with shooting into occupied property." We disagree.

Defendant contends that the aggravating factor of shooting into occupied property is not reasonably related to sentencing in this case. In order for a non-statutory aggravating factor to be considered in sentencing, it must be "reasonably related to the purposes of sentencing." N.C. Gen. Stat. § 15A-1340.16(d)(20) (2003). In order to be reasonably related to sentencing, an aggravating factor must "be based upon conduct which goes beyond that normally encompassed by the particular crime for which the defendant is convicted." *State v. Jones*, 104 N.C. App. 251, 257, 409 S.E.2d 322, 325 (1991). The conduct must make the defendant more culpable or blameworthy. N.C. Gen. Stat. § 15A-1340.12 (2003), *State v. Hines*, 314 N.C. 522, 335 S.E.2d 6 (1985). In *Jones*, this court found that in a conviction for firing into occupied property, the fact that the defendant fired more than once was an appropriate aggravating factor because the crime only required proof of one shot, and the additional shots increased the danger to those in the building, thus increasing the culpability of the defendant. *Jones*, 104 N.C. App. at 259, 409 S.E.2d at 326-27. When defendant fired into the vehicle in the instant case, she created a risk to others who were present. First, she could not have been certain if anyone else other than Parks was in the vehicle when she fired. Second, she knew that at least four people other than herself and Parks were in the vicinity of the vehicle when she fired. When she shot Parks as he was driving, she created an additional risk to the bystanders, who may have been injured or killed, by Parks either los-

ing control of the vehicle, or attempting to flee in a panic. The additional risk defendant created by firing into a moving vehicle makes her more culpable than if she had shot Parks outside his vehicle. This assignment of error is without merit.

[3] Defendant also argues that finding as an aggravating factor that she fired into occupied property (in this case a motor vehicle) violated the rule of N.C. Gen. Stat. § 15A-1340.16(d) that "evidence necessary to prove an element of the offense shall not be used to prove any factor in aggravation." When a defendant pleads guilty to second-degree murder, and the murder was accomplished by use of a firearm, use of the firearm is by law evidence necessary to prove the element of malice. *State v. Blackwelder*, 309 N.C. 410, 417-18, 306 S.E.2d 783, 788 (1983); *State v. Taylor*, 309 N.C. 570, 308 S.E.2d 302 (1983). For this reason, when a defendant pleads to second-degree murder, and the murder was accomplished through the use of a firearm, N.C. Gen. Stat. § 15A-1340.16(d) prohibits the trial court from finding the statutory aggravating factor (N.C. Gen. Stat. § 15A-1340.16(d)(10)) that the "defendant was armed with or used a deadly weapon at the time of the crime." *Id.* Defendant contends that this prohibition also prevents the trial court from *ever* considering the same evidence of the use of the firearm for the purpose of aggravating sentencing. Defendant is mistaken. In *State v. Sellers*, 155 N.C. App. 51, 57, 574 S.E.2d 101, 106 (2002), the defendant argued that:

> since it was necessary for the State to prove defendant used a firearm to be convicted of assault with a firearm, shooting into an occupied vehicle, and assault with intent to inflict serious bodily injury, therefore the trial court could not consider the use of the firearm as evidence to support an aggravating factor.

This court disagreed with the defendant's argument in *Sellers*, finding that since the State needed to prove evidence *additional to* the mere use of the firearm in order to prove the aggravating factor, finding the factor did not violate N.C. Gen. Stat. § 15A-1340.16(d). *Id.* The appellate courts of this state have consistently allowed evidence of the use of a firearm to support an aggravating factor even though the underlying offense required evidence of the use of the firearm to prove an element of that offense. *See State v. Rose*, 327 N.C. 599, 605, 398 S.E.2d 314, 317 (1990) (trial court properly found as an aggravating factor to second-degree murder that defendant knowingly created risk to more than one person by firing a shotgun in direction of more than one person); *State v. Demos*, 148 N.C. App. 343, 355, 559 S.E.2d 17, 25 (2002), *cert. denied, State v. Demos*, 355 N.C. 495, 564 S.E.2d

47 (2002) (trial court properly found as an aggravating factor to second-degree murder that defendant knowingly created risk to more than one person by firing a semi-automatic handgun in direction of more than one person); *but see State v. Swann*, 115 N.C. App. 92, 97, 443 S.E.2d 740, 743 (1994) (evidence that defendant took a deadly weapon with him was "so closely connected to the evidence possibly used by the jury to find that the killing was done with malice that under *Blackwelder*, it was error for the trial court to consider the use of the pistol again in sentencing"). Evidence of the use of a firearm may be used to prove an aggravating factor for an underlying conviction involving the use of that firearm, so long as the gravamen of the aggravating factor is "not merely the use of a weapon," but that the weapon was used in some way, proved by additional evidence, increasing defendant's culpability beyond that already attached to the underlying conviction. *See Taylor*, 309 N.C. at 574, 308 S.E.2d at 306 (in this instance the Supreme Court was considering evidence used to support two different aggravating factors).

In the instant case defendant killed Parks by firing one shot into the vehicle Parks was driving. Defendant could have been charged and convicted of both second-degree murder and firing into occupied property because additional evidence is required to prove the crime of firing into occupied property. *Sellers*, 155 N.C. App. at 57, 574 S.E.2d at 106; *See also State v. Carson*, 337 N.C. 407, 445 S.E.2d 585 (1994); *State v. James*, 342 N.C. 589, 466 S.E.2d 710 (1996). She was not charged with firing into occupied property. Therefore, the circumstances surrounding the crime, including the fact that she fired into the vehicle, were properly considered at the sentencing hearing. The evidence necessary to prove the aggravating factor of firing into the vehicle was different than that necessary to prove the element of malice for second-degree murder, the gravamen of the factor is different than the mere use of the firearm, and defendant's action of firing into the vehicle increased her culpability (as discussed in defendant's fifth assignment of error above). The trial judge did not abuse his discretion by finding this aggravating factor. This assignment of error is without merit.

[4] In her fourth assignment of error defendant contends that the trial court erred by finding as a non-statutory aggravating factor that "defendant committed felony murder but was not charged with it." We agree.

Defendant was indicted for the crime of first-degree murder. Under N.C. Gen. Stat. § 15-144 (2003) the indictment used to charge

defendant with first-degree murder was sufficient to support that charge under either the premeditation and deliberation theory, or the felony murder theory. *State v. Norwood*, 303 N.C. 473, 479, 279 S.E.2d 550, 554 (1981). "The State is not required at any time to elect a theory [premeditation or felony murder] upon which it will proceed against the defendant on the charge of first degree murder . . . ." *State v. Clark*, 325 N.C. 677, 684, 386 S.E.2d 191, 195 (1989). As our Supreme Court has reasoned: "Defendant was charged with *only one crime*, first degree murder; she was convicted of that crime. Premeditation and deliberation is a theory by which one may be convicted of first degree murder; felony murder is another such theory. *Criminal defendants are not convicted or acquitted of theories; they are convicted or acquitted of crimes.*" *State v. Thomas*, 325 N.C. 583, 593, 386 S.E.2d 555, 560-61 (1989), *cert. denied, Brewer v. North Carolina*, 495 U.S. 951, 109 L. Ed. 2d 541 (1990) (emphasis added).

The defendant in the instant case was allowed to plead to second-degree murder in order to avoid going to trial on charges of first-degree murder. She could not have been charged with or convicted of felony murder; she could only have been charged with first-degree murder and subsequently convicted under one or both *theories* of first-degree murder. As noted above, the State need not select a theory upon which to proceed in a first-degree murder trial, and thus it could have proceeded against defendant on a theory of felony murder. It was error to find this as an aggravating factor and a new sentencing hearing is required. *State v. Chatman*, 308 N.C. 169, 180-81, 301 S.E.2d 71, 78 (1983).

[5] In her sixth assignment of error defendant argues that the trial court violated both her right to due process and her right to a jury trial by finding as aggravating factors that defendant could have been charged with both felony murder and shooting into occupied property but was not. We disagree.

In light of our finding in defendant's fourth assignment of error above, we restrict our discussion to finding as an aggravating factor that defendant shot into occupied property. Defendant relies on the United States Supreme Court decisions in *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435 (2000) and *Ring v. Arizona*, 536 U.S. 584, 153 L. Ed. 2d 556 (2002) in support of her proposition. These cases hold that when it is necessary to find aggravating factors in order to sentence a defendant above the statutory maximum sentence, these factors must be found beyond a reasonable doubt by a

jury in order to comport with constitutional due process and the right to a jury trial.

Our Supreme Court has held that "unless the statute describing the offense explicitly sets out a maximum sentence, the statutory maximum sentence for a criminal offense in North Carolina is that which results from: (1) findings that the defendant falls into the highest criminal history category for the applicable class offense and that the offense was aggravated, followed by (2) a decision by the sentencing court to impose the highest possible corresponding minimum sentence from the ranges presented in the chart found in N.C.G.S. § 15A-1340.17(c). The statutory maximum sentence is then found by reference to the chart set out in N.C.G.S. § 15A-1340.17(e)." *State v. Lucas*, 353 N.C. 568, 596, 548 S.E.2d 712, 731 (2001). In the instant case, defendant was convicted of a class B2 felony. Using the sentencing charts of N.C. Gen. Stat. § 15A-1340.17(c) and (e1) to find the maximum time allowed for the highest prior record level in the aggravated range, regardless of the defendant's actual prior record level, we find the statutory maximum sentence allowed for a B2 felony is 480 months. Defendant was sentenced to 180-225 months. Since defendant's sentence was not in excess of the applicable statutory maximum sentence for a B2 felony, *Apprendi* and *Ring* do not require that this aggravating factor be proved to a jury beyond a reasonable doubt. *See also State v. McDonald*, 2004 N.C. App. LEXIS 510, 593 S.E.2d 793 (2004). This assignment of error is without merit.

[6] In her seventh assignment of error, defendant argues that the trial court erred in finding as a non-statutory aggravating factor that defendant acted with premeditation and deliberation because this finding was not supported by a preponderance of the evidence. We disagree.

When a defendant pleads to second-degree murder, a finding that the defendant acted with premeditation and deliberation may be used to aggravate the sentence if proved by a preponderance of the evidence. *State v. Melton*, 307 N.C. 370, 376, 298 S.E.2d 673, 678 (1983). "Threats against the victim by the defendant, [and] previous ill will between the victim and the defendant" are two factors relevant to a finding of premeditation and deliberation. *State v. Carter*, 318 N.C. 487, 491, 349 S.E.2d 580, 582 (1986). In the instant case the State's evidence tended to show that defendant had previously threatened to kill Parks, and that they had a history of ill will and confrontation. State's evidence further tended to show that defendant had checked

to make sure a round was chambered in her gun, that she had threatened Parks with the gun once shortly before killing him, and that Parks was backing his vehicle away from defendant at the time he was shot. We find upon reviewing the evidence that the trial judge did not abuse his discretion in finding this aggravating factor. This assignment of error is without merit.

[7] In her eighth assignment of error, defendant argues that the trial court erred in finding as a non-statutory aggravating factor that she "voluntarily entered the affray." We agree.

The evidence of the State tended to show that defendant was inside her house when the "affray" began. Parks and his girlfriend had been in an argument, Charlie Billings stepped in between the two, then Parks hit Billings with a pair of pliers. Believing he was cut with a knife, Billings cried "he stabbed me." At this time, witnesses outside began shouting to defendant inside her house to call the police. Defendant exited her house holding a phone and a rifle. She dialed 911 and gave the phone to Judy Billings to speak with the police. Parks left the scene in his vehicle, but returned a few minutes later, and it was at this time that defendant shot him. This evidence, supplied by the State, shows that defendant only left her house after Charlie Billings had called out "he stabbed me," and others yelled for defendant to call the police. Not knowing the extent of the affray, or the danger involved, defendant's actions at this point do not support a claim that she voluntarily entered the affray. Furthermore, the affray had ended when Parks left the scene. When Parks returned a few minutes later, and was shot, defendant was still in her yard with the rifle. There is no evidence that defendant did anything at this point to enter the affray other than actually shooting Parks. Shooting Parks is evidence necessary to prove an element of the offense charged, and thus may not support an aggravating factor. It was error under the facts of this case for the trial judge to consider as an aggravating factor that defendant voluntarily entered the affray, and thus a new sentencing hearing is required.

[8] In her ninth assignment of error defendant argues the trial court erred when it failed to find as a mitigating factor that the defendant acted under strong provocation when she killed Parks. We disagree.

In the instant case, defendant's evidence tended to show a history of confrontation between Parks and defendant, including an incident

several months prior to the shooting where defendant's husband was hit with a baseball bat by Parks' girlfriend as the two men were fighting, and other incidents involving physical altercations (though not between defendant and Parks) resulting in strong feelings of animosity between the two. The State did not dispute the "bad blood" between defendant and Parks. Defendant also contended Parks was driving toward her at some speed when she shot him, and that she felt threatened by this action. Even if defendant's evidence is uncontroverted, a finding of strong provocation is not mandatory. *State v. Cameron*, 71 N.C. App. 776, 777, 323 S.E.2d 396, 397 (1984), *aff'd*, *State v. Cameron*, 314 N.C. 516, 335 S.E.2d 9 (1985). The State's evidence (which the trial judge found to be more credible) tended to show Parks was backing away from defendant when he was shot. In *Canty*, the Supreme Court of this state held that the trial court did not err when it failed to find strong provocation even though the victim had stabbed the defendant 48 hours before the murder, had threatened defendant's life, had refused to discuss the stabbing with defendant, and defendant believed the victim was armed at the time he shot him. *Canty*, 321 N.C. at 526, 364 S.E.2d at 415. On the facts of this case we cannot say defendant has met her burden of proving the trial judge's decision denying the mitigating factor "could not have been the result of a reasoned decision." This assignment of error is without merit.

We need not consider defendant's other assignments of error in light of our findings above. We note, as we have on many previous occasions, that "the trial judge may wish to exercise restraint when considering non-statutory aggravating factors . . . . This prudent course of conduct would lessen the chance of having the case remanded for re-sentencing." *State v. Baucom*, 66 N.C. App. 298, 302, 311 S.E.2d 73, 75 (1984). This case is remanded to the trial court for a new sentencing hearing consistent with this opinion.

REMANDED FOR RE-SENTENCING.

Judges WYNN and CALABRIA concur.