TYSON, Judge.
Dale Walker Richards ("defendant") appeals the denial of his pretrial motion to suppress. A jury found him to be guilty of trafficking in heroin by possession. We dismiss.
I. Background
On 20 June 2001, defendant arrived in Raleigh, North Carolina, on a bus at 1:35 p.m. Officer Gary Toler ("Officer Toler") of the Wake County Sheriff's Office, along with Detective Mike Smith ("Detective Smith") of the Raleigh Police Department, and Raleigh police officers Anna Fernandez ("Officer Fernandez") and Wayne Muller ("Officer Muller") were working drug interdiction at the bus terminal. Officer Toler and Detective Smith wore street clothes, and Officers Fernandez and Muller wore modified police uniforms,including t-shirts identifying them as "Raleigh Police" and visible gun belts.
The State's evidence tended to show when defendant's bus arrived at the terminal, he was seen standing on the steps in the front door well of the bus. Defendant exited the bus before the driver, drawing Officer Toler's attention. Defendant carried a black shoulder bag and a blue nylon "warm-up" jacket. Defendant looked directly at Officer Fernandez as he started walking towards the parking lot. Officers Toler and Fernandez observed defendant's behavior. Defendant began yawning repeatedly after seeing Officer Fernandez.
Defendant approached and greeted another man. Both men walked to a car in the bus terminal parking lot. Officer Toler nodded to Officer Fernandez, which indicated he was going to approach defendant. Officer Toler and Detective Smith planned a consensual encounter with defendant, to engage in a casual conversation with him with no plans of conducting a search or seizure.
Officer Toler and Detective Smith approached defendant as he placed his bag into the trunk of the car. Defendant dropped his blue jacket onto the ground under the trunk. The officers identified themselves as police officers and asked to speak with defendant for a moment. Officer Toler and Detective Smith inquired of defendant from where he traveled, where he was headed, and requested defendant's bus ticket and driver's license. Defendant responded to the questions and produced his driver's license, but could not locate his bus ticket. As the conversation continued,the officers noticed defendant became progressively more nervous.
Officer Toler stated that he and Detective Smith were drug investigators. Officer Toler told defendant they were not interested in small amounts of drugs, just large amounts, currency, or weapons. Officer Toler asked defendant if he had anything like that on his person or in his luggage. Defendant responded, "You can search me."
Officer Toler removed defendant's bag from the car's trunk, and Detective Smith "patted down" defendant for weapons. Then, Officer Smith asked defendant if the blue jacket on the ground belonged to him. Defendant answered, "yes." Detective Smith picked up the blue jacket and noticed something suspicious in the sleeve. He peered into the sleeve opening and saw a plastic bag with something inside. Detective Smith testified, "based on the overall circumstances, [defendant's] nervousness, the way [defendant] departed the bus, the totality of everything at that point, . . . [he felt the bag contained] a controlled substance." Detective Smith signaled to Officer Toler to arrest defendant.
Before defendant could be restrained and Detective Smith could remove the plastic bag from the sleeve of the jacket, defendant grabbed the jacket and ran. Officers Toler, Fernandez, and Muller pursued defendant a short distance before tackling and restraining him. Detective Smith took the jacket and plastic bag away from defendant. The contents of the bag were later determined through chemical analysis to be heroin. Defendant was arrested and charged with violation of N.C. Gen. Stat. § 90-95(h)(4), trafficking inmore than 14 but less than 28 grams of heroin by transportation and trafficking in more than 14 but less than 28 grams of heroin by possession. On 30 July 2001, he was indicted on those two charges.
On 16 January 2003, defendant filed a motion to suppress physical evidence seized during defendant's arrest and asserted the search and seizure was illegal. During the pre-trial hearing held on 13 February 2003, Officer Toler and Detective Smith testified concerning the circumstances of defendant's arrest. After hearing all the evidence, the trial court made findings of fact, determined conclusions of law, and subsequently denied defendant's motion to suppress. Defendant failed to object following the ruling.
Defendant was tried before a jury on 28 April 2003 for: (1) trafficking in more than 14 but less than 28 grams of heroin by transportation; and (2) trafficking in more than 14 but less than 28 grams of heroin by possession. Defendant did not object during any witnesses' testimony concerning the heroin found in the jacket. The jury returned verdicts of guilty for trafficking in heroin by possession and not-guilty for trafficking in heroin by transportation. Defendant was sentenced to a minimum of ninety months and a maximum of 117 months imprisonment. Defendant gave notice of appeal in open court.
II. Issues
The issues on appeal are whether: (1) probable cause existed allowing the police officers to confront defendant; and (2) the officer's search of defendant exceeded the scope of his consent.
III. Motion to Suppress
Defendant argues the trial court erred in denying his motion to suppress evidence based upon: (1) lack of probable cause to search him and (2) exceeding the scope of his consent. We disagree.
Rule 10(b)(1) of the North Carolina Rules of Appellate Procedure states:
In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context. It is also necessary for the complaining party to obtain a ruling upon the party's request, objection or motion. Any such question which was properly preserved for review by action of counsel taken during the course of proceedings in the trial tribunal by objection noted or which by rule or law was deemed preserved or taken without any such action, may be made the basis of an assignment of error in the record on appeal.
N.C.R. App. P. 10(b)(1)(2004). Assignments of error are not normally considered on appellate review unless an appropriate and timely objection was made before the trial court. State v. Short, 322 N.C. 783, 790, 370 S.E.2d 351, 355 (1988) (citing State v. Reid, 322 N.C. 309, 367 S.E.2d 672 (1988)); N.C. Gen. Stat. § 15A-1446(a) (2003).
A pretrial motion to suppress evidence is a type of motion in limine. State v. Roache, 358 N.C. 243, 292, 595 S.E.2d 381, 413 (2004) (citing State v. Grooms, 353 N.C. 50, 65-66, 540 S.E.2d 713, 723 (2000)), cert. denied, 534 U.S. 838, 151 L. Ed. 2d 54 (2001); State v. Golphin, 352 N.C. 364, 405, 533 S.E.2d 168, 198 (2000), cert. denied, 532 U.S. 931, 149 L. Ed. 2d 305 (2001). A motion inlimine is a preliminary or pretrial motion directed at facts and evidence known before trial. State v. Tate, 300 N.C. 180, 182, 265 S.E.2d 223, 225 (1980) (citing State v. Franks, 300 N.C. 1, 265 S.E. 2d 177 (1980)). Motions in limine alone are "insufficient to preserve for appeal the question of the admissibility of evidence." State v. Conaway, 339 N.C. 487, 521, 453 S.E.2d 824, 845, cert. denied, 516 U.S. 884, 133 L. Ed. 2d 153 (1995). The defendant must further object to the introduction of the evidence each occasion it is actually offered at trial and specifically state the grounds for the objection. Id. at 521, 453 S.E.2d at 846; Forsyth Co. Hospital Authority, Inc. v. Sales, 82 N.C. App. 265, 269, 346 S.E.2d 212, 215, disc. rev. denied, 318 N.C. 415, 349 S.E.2d 594 (1986); State v. Drakeford, 37 N.C. App. 340, 345, 246 S.E.2d 55, 59 (1978), cert. granted, 65 N.C. App. 433, 309 S.E.2d 2 (1983); N.C. Gen. Stat. § 15A-1446(a).
The North Carolina General Assembly recently amended N.C. Gen. Stat. § 8C-1, Rule 103(a)(2) to include, "Once the court makes a definitive ruling on the record admitting or excluding evidence, either at or before trial, a party need not renew an objection or offer of proof to preserve a claim of error for appeal." The effective date was 1 October 2003, and the amendment is not retroactive. 2003 N.C. Sess. Laws ch. 101, §§ 1-2. The trial court's denial of defendant's motion to suppress was dated 13 February 2003. The amended statute does not apply to this case.
Our review of the record, including transcripts of both the motion to suppress hearing and the actual trial, fails to show thatdefendant made timely and specific objections when the State offered the heroin into evidence. Further, defendant has neither assigned nor argued plain error regarding the admission of this evidence. Defendant's assignments of error are not properly before this Court. State v. Grooms, 353 N.C. 50, 65-66, 540 S.E.2d 713, 723 (2000) (citations omitted), cert. denied, 534 U.S. 838, 151 L. Ed. 2d 54 (2001).
IV. Conclusion
Defendant failed to preserve his assignments of error for appellate review. Following denial of defendant's motion to suppress evidence, he failed to make timely and specific objections when the evidence was introduced through each witness. Defendant's assignments of error are dismissed.
Dismissed.
Judges BRYANT and LEVINSON concur.
Report per Rule 30(e).